# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

**PAMELA HENNINGS, on behalf of
herself and all others similarly situated,**

    **Plaintiff,**

    v.                                      Case No. 16-CV-1561

**ALLTRAN FINANCIAL, LP f/k/a J.C.
CHRISTENSEN AND ASSOCIATES,**

    **Defendant.**

## DECISION AND ORDER ON DEFENDANT'S MOTION TO DISMISS

Pamela Hennings filed an amended class action complaint against Alltran Financial, LP, formerly known as J.C. Christensen and Associates, alleging violations of the Fair Debt Collection Practices Act ("FDCPA") based on actions taken by Alltran in the course of collecting a debt owed to American General Finance f/k/a Springleaf Financial. (Docket # 10.) Alltran has filed a motion to dismiss Hennings' amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that she has failed to state a claim upon which relief can be granted as to her 15 U.S.C. §§ 1692g and 1692e claims, and that she does not have Article III standing to bring this lawsuit. (Docket # 13.) For the reasons that follow, the defendant's motion to dismiss is granted in part and denied in part.[1]

---

[1] The defendant filed a motion to dismiss the plaintiff's original complaint. (Docket # 6.) The plaintiff subsequently filed an amended complaint. (Docket # 10.) When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999). Thus, the plaintiff's amended complaint moots the pending motion to dismiss the original complaint. *See Aqua Finance, Inc. v. Harvest King, Inc.*, No. 07-C-15, 2007 WL 5404939, *1 (W.D. Wis. Mar. 12, 2007) ("Under normal circumstances, the filing of an amended complaint renders moot any pending motion to dismiss."). Thus, I will deny as moot the defendant's motion to dismiss the plaintiff's original complaint (Docket # 6.)

## BACKGROUND

Hennings alleges in her complaint that she incurred a consumer debt to American General Finance f/k/a Springleaf Financial ("AGF"). (Am. Compl. ¶ 7, Docket # 10.) She alleges that she filed for bankruptcy in 2011 and received a discharge on the debt owed to AGF on March 12, 2012. (*Id.* ¶ 8.) Hennings alleges that sometime after discharge, AGF sold her account to LVNV Funding, LLC. (*Id.* ¶ 9.) LVNV sued Hennings' ex-husband regarding the AGF debt in 2014 and was granted a judgment against Hennings' ex-husband. (*Id.* ¶¶ 10, 12.) Hennings was not named as a defendant in the action. (*Id.* ¶ 11.)

Hennings alleges that LVNV sold or assigned Hennings' discharged account to the defendant, J.C. Christensen and Associates. (*Id.* ¶ 13.) Hennings alleges that the defendant is attempting to collect on the judgment from Hennings despite the fact that it knew or should have known that Hennings was not a judgment debtor and that she previously discharged the debt in her bankruptcy. (*Id.* ¶ 14.)

Hennings alleges that in attempting to collect the judgment from her, the defendant sent a collection letter on or about July 19, 2016. (*Id.* ¶ 15.) Hennings alleges that the defendant violated the FDCPA because the collection letter is confusing to the unsophisticated consumer as it demands a payment within the statutory 30 day validation period or shortly thereafter, and fails to explain how the validation notice and the settlement "deadline" fit together. (*Id.* ¶¶ 25, 46.) She further alleges the defendant violated the FDCPA by attempting to collect on a judgment that was not against Hennings. (*Id.* ¶ 52.)

## APPLICABLE RULE

Alltran moves to dismiss for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). A complaint must contain "a short and plain statement

of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Supreme Court has interpreted this language to require that the plaintiff plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In *Ashcroft v. Iqbal*, the Supreme Court elaborated further on the pleadings standard, explaining that a "claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," though this "standard is not akin to a 'probability requirement.'" 556 U.S. 662, 678 (2009). The allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (internal citation omitted). Rule 12(b)(6) does not permit the court to consider matters outside the complaint without converting the motion into a motion for summary judgment, Fed. R. Civ. P. 12(d).

**ANALYSIS**

*1.     Standing*

As an initial matter, Alltran argues that Hennings has not satisfied her burden of establishing Article III standing because she did not plead that she qualifies as a consumer under the FDCPA or that she has suffered an actual injury. (Def.'s Br. at 9, Docket # 13.) Although framed as a standing issue, Alltran's first argument—that Hennings has not properly pleaded that she qualifies as a consumer—is really an argument that she has not properly pleaded a cause of action under the FDCPA, which applies to consumer debt; that is, it must be for personal, family, or household purposes. 15 U.S.C. § 1692(a)(5). Hennings alleges that she incurred a "consumer debt as that term is defined at 15 U.S.C. § 1692a(5) to American General Finance f/k/a Springleaf Financial." (Am. Compl. ¶ 7.) Hennings alleges no facts, however, to support the allegation that her debt was consumer in nature.

3

She makes no more than a "[t]hreadbare recital[ ]" of the "consumer debt" element of her FDCPA claims. Hennings alleges no facts that allow me to draw the reasonable inference that Alltran is liable for the misconduct alleged. Thus, Hennings' entire amended complaint should be dismissed on this basis. However, given this failure is easy to remedy, I find it more prudent to allow Hennings another opportunity to amend her complaint and properly allege that she is a consumer who incurred a consumer debt.

Hennings does not address Alltran's argument regarding standing as to her § 1692e claim (beyond stating in a footnote that the reasoning as to her § 1692g arguments applies to any right under the FDCPA). (Pl.'s Resp. Br. at 12, Docket #14.) As will be discussed further below, Hennings' § 1692g claim will be dismissed. Thus, I will not address the standing issue as to her § 1692e claim at this time.

   2.   *Section 1692g — Overshadowing Claim*

Hennings alleges that the collection letter is confusing, deceptive, and/or misleading to the unsophisticated consumer. The letter states, in relevant part, that J.C. Christensen and Associates had been "contracted to lead and represent" in the collection of the judgment awarded on Hennings' Springleaf Financial Services account. (Am. Compl. ¶ 15, Exh. B, Docket # 6-2.) The letter goes on to say that the judgment may be forwarded to an attorney for execution. (*Id.*) However, the letter provides that J.C. Christensen and Associates had been given authorization to negotiate settlement terms for satisfaction of the judgment and provides three "settlement opportunities to make voluntary resolution of your judgment a reality." (*Id.*) The letter articulates three settlement options. Under the settlement options appears a paragraph that states "[f]or accounting purposes, your first payment toward the settlement must be received within 40 calendar days after the date of

4

this letter. If you wish to make a payment proposal after that time, please call us to discuss it. We are not obligated to renew this offer. The opportunities listed above do not alter or amend your validation rights as contained in this document." (*Id.*)

The final paragraph of the letter contains the statements required by 15 U.S.C. § 1692g(a) that unless Hennings disputes the validity of the debt it will be assumed to be valid and that if Hennings notifies the office in writing within 30 days from receiving the notice that she disputes the validity of the debt, the office would obtain verification of the debt or a copy of the judgment and mail her a copy. (*Id.*)

"'A debt validation notice, to be valid, must be effective, and it cannot be cleverly couched in such a way as to eviscerate its message.'" *Olson v. Risk Mgmt. Alternatives, Inc.*, 366 F.3d 509, 512 (7th Cir. 2004) (quoting *Avila v. Rubin*, 84 F.3d 222, 226 (7th Cir. 1996)). "The consumer 'is to be protected against confusion, whatever form it takes[,]' be it outright contradiction, literal overshadowing, or the failure to explain an apparent contradiction." *Id.* (quoting *Bartlett v. Heibl*, 128 F.3d 497, 500-01 (7th Cir.1997)). In deciding whether the collection letter is confusing, I ask whether the validation notice is likely to be understood by an unsophisticated consumer. *Id.* The unsophisticated consumer is uninformed, naïve, or trusting; however, she also possesses rudimentary knowledge about the financial world and is capable of making basic logical deductions and inferences. *Id.*

Alltran argues that Hennings' overshadowing claim fails as a matter of law. Hennings argues that the collection letter is confusing to the unsophisticated consumer because it provides a clear and firm numerically, i.e., 40 day deadline for action that contradicts and overshadows the consumer's right to request validation under the FDCPA's 30 day timeline.

5

The Seventh Circuit has stated that an "unexplained demand for payment within the thirty-day validation period creates confusion by contradicting, and thus rendering ineffective, the validation notice." *Olson*, 366 F.3d at 512; *see also Bartlett*, 128 F.3d at 499-501 (holding that a letter with the thirty-day validation notice and a threat that the debtor would be sued if debt was not paid within one week without an explanation of this apparent contradiction violates § 1692g); *Chauncey v. JDR Recovery Corp.*, 118 F.3d 516, 519 (7th Cir. 1997) (finding that a demand for payment within thirty days contradicts the validation notice). Hennings likens the collection letter in her case to those the Seventh Circuit found improper in *Bartlett* and *Chauncey*. Those cases are inopposite, however, because Hennings' letter does not make an unexplained demand for payment. Rather, it makes settlement offers. There is nothing improper, in and of itself, for a collection letter to contain a settlement offer. *See Evory v. RJM Acquisitions Funding L.L.C.*, 505 F.3d 769, 775 (7th Cir. 2007). Rather, Hennings faults the collection letter for containing settlement offers with a date certain on which the first payment must be received (i.e., 40 days from the date of the letter), which is a mere 10 days after the expiration of her statutory 30 day validation period.

I find nothing confusing about the use of a date certain in making a settlement offer, even with the date being close to the expiration of the 30 day validation period. As Judge Adelman recently stated:

> I see no reason why a debt collector cannot make a settlement offer in its initial communication to the consumer that expires either during or shortly after the 30–day period for requesting validation. The FDCPA allows the debt collector to continue to attempt to collect the debt during the 30–day validation period unless and until the consumer requests validation, and probably the most benign collection activity is to make the consumer a discounted settlement offer. So if the FDCPA permits a debt collector to file a lawsuit against the consumer during the 30–day period (which it does, *see Bartlett*, 128 F.3d at 501), it would be absurd to interpret the act as forbidding

> the debt collector from taking the more benign step of making the consumer a settlement offer during that period.

*Betz v. MRS BPO, LLC*, No. 16-C-1161, 2017 WL 1496135, at *4 (E.D. Wis. Apr. 26, 2017). Judge Adelman further noted that in *DeKoven v. Plaza Associates*, 599 F.3d 578 (7th Cir. 2010), the Seventh Circuit considered a letter in which a debt collector offered to settle a consumer's account for 65% of the balance due and in which the debt collector made the debt validation disclosures required by § 1692g. *Id.* at *3 (citing *DeKoven*, 599 F.3d at 578). The letter in *DeKoven* stated that the settlement offer would be valid for a period of 35 days from the date of the letter. *Id.* Judge Adelman stated that even though the Seventh Circuit was not asked to determine whether the creditor violated the FDCPA by making the settlement offer in the same letter as the debt validation notice and setting the deadline for acceptance close to the end of the 30 day validation period, he found it "noteworthy that the court did not even comment on the fact that the settlement offer was made during the 30-day period and that the offer expired, at most, five days after the end of the 30-day period. If, as the plaintiff contends, the creditor's making such a settlement offer violates the FDCPA, it seems likely that the court would have flagged this issue." *Id.*

> Similarly, in *Evory*, the Seventh Circuit stated that:
>
> It is apparently common for debt collectors to send letters to consumers that say such things as (these examples are all taken from the cases before us) "we would like to offer you a unique opportunity to satisfy your outstanding debt"-"a settlement of 25% OFF of your current balance. SO YOU ONLY PAY $[____] In ONE PAYMENT that must be received no later than 40 days from the date on this letter." Or "TIME'S A WASTIN'! ... Act now and receive 30% off ... if you pay by March 31st." Or we are "currently able to offer you a substantial discount of *50% off* your Current Balance *if we receive payment by 05-14-2004*" (emphases in original). There is nothing improper about making a settlement offer.

7

505 F.3d at 775. Once again, though citing settlement offers very similar to the one in this case, the *Evory* court did not flag as an issue the fact that these settlement offers often have a date certain in which to pay.

I would further note that the letter clearly states that the "opportunities listed above do not alter or amend your validation rights as contained in this document." (Docket # 6-2.) While Hennings argues that this statement is "muddled with other information" and fails to explain "what 'opportunities' they are talking about," (Pl.'s Resp. Br. at 5), it is clear from the letter that the "opportunities listed above" refer to the enumerated list described as "the following settlement opportunities" (Docket # 6-2). For these reasons, I find that the collection letter was not confusing, deceptive, or misleading to the unsophisticated consumer and thus did not violate the FDCPA. As such, to the extent Hennings alleges in Count I that Alltran violated the FDCPA through overshadowing, the claim is dismissed.

   3.  *Section 1692e — Allegations About Whether Plaintiff Owed the Debt*

Hennings further alleges that Alltran violated the FDCPA by attempting to collect against her when it either knew or should have known that the judgment was against her ex-husband and not against her and her debt had been discharged in bankruptcy.

Title 15 U.S.C. § 1692e prohibits the "use [of] any false, deceptive, or misleading representation or means in connection with the collection of any debt." The debt collector may not make a "false representation of—the character, amount, or legal status of any debt; or any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt." 15 U.S.C. §§ 1692e(2)(A), (B). Debt collectors may not "threat[en] to take any action that cannot legally be taken or that is not intended to be taken"; they cannot "use . . . any false representation or deceptive means to collect or

attempt to collect any debt or to obtain information concerning a consumer"; and they cannot attempt to collect "any amount . . . unless such amount is expressly authorized by the agreement creating the debt or permitted by law." 15 U.S.C. §§ 1692e(5), (10); § 1692f(1).

Alltran argues these claims must be dismissed because it was entitled to reasonably rely upon the assertions of its client, the creditor, in sending the debt collection letter to Hennings. (Def.'s Br. at 7.) Alltran argues that it had no independent obligation to investigate the debt before collecting but rather permissibly relied upon its client's "placement of the debt." (*Id.* at 8.)

A similar argument was unsuccessfully made in *Myers v. Americollect Inc.*, 194 F. Supp. 3d 839 (E.D. Wis. 2016). In *Myers*, the plaintiff alleged the defendants violated the FDCPA by attempting to collect a debt from a minor who was "not liable for the alleged debt." *Id.* at 843. The plaintiff's theory was that the defendant falsely represented the legal status of the debt by asserting or suggesting that the minor child was liable for the debt. *Id.* at 844. The defendant moved to dismiss the complaint and argued, among other things, that there was no law that required a collection agency to verify that the person from whom it was hired to collect the debt was the person who actually owed the debt. *Id.*

The court denied the defendant's motion to dismiss, finding that although the plaintiff's allegations were somewhat conclusory, her complaint was sufficient. *Id.* at 845. The court rejected the defendant's argument that it was not obligated to verify who was liable for the debt, finding that § 1692e applies even when a false representation was unintentional. *Id.* The court found that while the defendant may attempt to show at a later

stage in the proceedings that the violation was not intentional and resulted from a bona fide error, at the Rule 12(b)(6) stage, the court would not consider that argument. *Id.*

For the same reasons, Hennings' complaint is sufficient at this stage to state a claim under § 1692e. Hennings alleges that her debt was discharged in bankruptcy and that she was not a party to the judgment that was the subject of the collection letter. (Am. Compl. ¶¶ 8, 10-11.) Hennings alleges that the defendant attempted to collect on the judgment, despite the fact it either knew or should have known that Hennings was not a judgment debtor and that the debt had been discharged in bankruptcy. (*Id.* ¶ 14.) Hennings alleged violations of the FDCPA based on the defendant's attempts to collect on the judgment. (*Id.* ¶¶ 44-52.) While Alltran may have a defense to Hennings' claim, at this stage, the amended complaint sufficiently states a claim under § 1692e and thus the defendant's motion to dismiss this claim is denied.

## CONCLUSION

Hennings has not properly pleaded that she was a consumer who incurred a consumer debt under the FDCPA and her amended complaint could be dismissed on this ground. However, I will allow Hennings to file an amended complaint properly alleging this element of her FDCPA claim. Hennings must file her amended complaint no later than **June 9, 2017**. Hennings will not be allowed to proceed, however, on her overshadowing claim under § 1692g. She may proceed on her claim under § 1692e.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that the defendant's motion to dismiss (Docket # 13) is **GRANTED IN PART AND DENIED IN PART**. Hennings has until **June 9, 2017** to file her amended complaint, consistent with this order.

**IT IS FURTHER ORDERED** that defendant's motion to dismiss the plaintiff's original complaint (Docket # 6) is **DENIED AS MOOT**.

Dated at Milwaukee, Wisconsin this 26th day of May, 2017.

BY THE COURT

*s/Nancy Joseph*
NANCY JOSEPH
United States Magistrate Judge